Scott M. Grace S.B.N. 236621
The Grace Law Group, APC
1958 Sunset Cliffs Boulevard
San Diego, CA 92107
sgrace@lawlh.com
Phone: (619) 346-4600
Fax:  (619) 501-8106

Attorneys for Plaintiff Delinda Burger

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| Delinda Burger,                          | Case No. 5:18-cv-2435 |
|------------------------------------------|-----------------------|
|                          Plaintiffs,     | Complaint for Violations of the Fair Debt Collection Practices Act and the Rosenthal Act |
| vs.                                      |                       |
| Law Offices of Gary A. Bemis, APC and Gary A. Bemis |            |
|                          Defendants.     |                       |

## I.      Introduction

1.      Plaintiff Delinda Burger, ("Burger" or "Plaintiff"), through her counsel, brings this action to challenge the acts of Defendants Law Offices of Gary A. Bemis, APC ("LOGAB") and Gary A. Bemis ("Bemis")(collectively "Defendants") regarding violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), and ") and violations by LOGAB of the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq*. ("RFDCPA" or "Rosenthal Act"), which prohibits debt collectors and creditors from engaging in abusive, deceptive and unfair practices.

2.      Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff or Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3.      While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4.      Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

## II.     Jurisdiction and Venue

5.      This action arises out of violations by Defendants of the FDCPA under 15 U.S.C. §1692, *et seq* and violations by Defendant LOGAB of the Rosenthal Act under Cal. Civ. Code §1788, *et seq*

6.      Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692(k).

7.      As Defendants engage in business in the state of California, and committed the acts that form the basis for this suit in the state of California, the Court has personal jurisdiction over Defendants for purposes of this action.

8.      Venue is proper pursuant to 28 U.S.C. §1391 as one or more Defendants are located in the Central District and do business in the Central District.

## III.   Parties

9.      Plaintiff is a natural person residing in Rancho Cucamonga, California, and is a consumer within the meaning of 15 U.S.C. §1692a(3) of the FDCPA in that she is a natural person purportedly obligated to pay a consumer debt, allegedly owed to "Central Weatherproofing, LLC" (hereinafter "Debt").

10.      Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code §1788.2(h).

11.      At all relevant times, Plaintiff is informed and believes that Defendant LOGAB is and was a California corporation engaged in the business of collecting consumer debts in this state with its principal place of business located at 6942 Ed Perkic Street in Riverside, California.

12.      At all relevant times, Plaintiff is informed and believes that Defendant LOGAB is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. §1692a(6).

13.      Defendant LOGAB, in the ordinary course of business, regularly, and on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code §1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code §1788.2(c).

14.      At all relevant times, Plaintiff is informed and believes that Defendant Bemis is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. §1692a(6).

### IV.   Facts Common to all Claims for Relief

15.   In 2016, an entity then known as "Central Weatherproofing, LLC" falsely held itself out to Plaintiff as a licensed roofing contractor in Oklahoma, in violation of Oklahoma's Roofing Contractor Registration Act.

16.   "Central Weatherproofing, LLC" provided what appears to be a false contractor's license, and induced Plaintiff to hire "Central Weatherproofing, LLC" to repair Plaintiff's roof, at a cost of what Plaintiff believed to be around $6,000.00 to $8,000.00.

17.   Plaintiff never signed a contract with "Central Weatherproofing, LLC."

18.   "Central Weatherproofing, LLC" did poor work, and did not re-install vents in Plaintiff's roof, a dangerous condition.

18.   On or about May 17, 2016, "Central Weatherproofing, LLC" sent Plaintiff an invoice, containing a false "General Contractor" license number, and claiming a right to payment of $17,148.31.

19.   Plaintiff never agreed to pay this amount, and much less to an unlicensed "contractor," and on October 28, 2016, after multiple attempts to deal with "Central Weatherproofing, LLC" Plaintiff's lawyer at that time Laurence Donohue sent a letter disputing the above claims of a debt, and refusing to agree to Central Weatherproofing, LLC's exorbitant and abusive claims of a debt.

20.   During this same period, an entity named Taylor, Ricci & Associates claimed that "Central Weatherproofing, LLC" assigned the right to this claim to them.

21.   At some point during this process, and on information and belief before November 20, 2017, "Central Weatherproofing, LLC" was suspended by the State of Oklahoma as an entity, and ceased to exist.

### *November 20, 2017 Dunning Letter*

22.   On November 20, 2017, Defendant Bemis, on behalf of LOGAB and "Central Weatherproofing, LLC" sent a letter to Plaintiff claiming that Plaintiff

owed "Central Weatherproofing, LLC," an unlicensed and now defunct, non-existent entity, the sum of $19,741.34, including interest of $2,593.34.

**March 5, 2018 State Court Action**

23.    On March 5, 2018, Bemis and LOGAB filed a complaint ("State Court Complaint"), on behalf of "Central Weatherproofing, LLC", in the Superior Court of California for the County of San Bernardino against Plaintiff, in the matter of *Central Weatherproofing, LLC v. Delinda Dorothy Burger*, *et al*, case number CIVDS1805361 ("State Court Action"). A copy of this State Court Complaint is attached hereto as Exhibit 1.

24.    Plaintiff was later served with a copy of the State Court Complaint (Exhibit 1).

**Filing suit on behalf of a suspended entity**

25.    In the State Court Complaint, Defendants did not disclose that "Central Weathersealing, LLC" was suspended, and effectively had no existence, or standing to sue.

26.    At paragraph 1 of the State Court Complaint, Defendants alleged that Central Weatherproofing, LLC "is, and at all times mentioned herein was, a foreign limited liability company."

27.    This claim was false: Central Weatherproofing, LLC was, at the time the State Court Complaint was filed, a *former* foreign limited liability company, and no longer held the status alleged.

28.    The allegations in paragraph 1 of the State Court Complaint is at the very least confusing, deceptive or misleading.

**Filing suit on an illegal and fraudulent transaction**

29.    Defendants also filed claims of a debt that were based on a fraudulent and illegal transaction:  all of the amounts claimed due were based on work by an unlicensed contractor, with no signed contract, and the transaction was induced by a fraudulent misrepresentation: that "Central Weatherproofing, LLC" was a licensed roofing contractor.

Complaint                                                    Case Number 5:18-cv-2435

*Inflated principal balance*

30.     Defendants also claimed, both in their November 20, 2017 Dunning letter and in the State Court Action, that Plaintiff agreed to the balance of $17,148.31.

31.     This claim was false, as Plaintiff neither agreed to pay this amount, nor received anything close to this amount in services, which themselves were illegally performed and non-compensable.

*False claim of a right to attorney's fees*

32.     Defendants also claimed a right to attorney's fees under California Code of Civil Procedure §1717.5, which only allows for attorney's fees where there is a valid contract, which does not otherwise provide for such fees.

33.     Here there was no contract, and thus no basis to demand fees under Code of Civil Procedure §1717.5.

*False Claim of an Account Stated*

34.     In California, an account stated is only formed when the parties agree on a final balance, or indicate their consent by failing to dispute the balance claimed.

35.     Plaintiff disputed the debt alleged, in writing, and explicitly refused to pay or agree to pay the sum alleged.

**V.     Allegations Specific to Certain Claims for Relief**

**FIRST CLAIM FOR RELIEF**

**(Violations of the FDCPA by all named Defendants)**

36.     Plaintiff re-alleges and incorporates herein by reference the allegations contained in the paragraphs above.

37.     Defendant Bemis violated the FDCPA. Defendant's violations include, but are not limited to the following:

a.     15 U.S.C. §1692d by engaging in behavior the natural consequence of which is to harass, abuse or oppress;

b.     15 U.S.C. §1692e by making a false, deceptive or misleading misrepresentation in the collection of a debt;

Complaint                                                                Case Number 5:18-cv-2435

c.      15 U.S.C. §1692e(2) by misrepresenting the character, amount or legal status of a debt;

d.      15 U.S.C. §1692e(5) by threatening to take action that cannot legally be taken, or was not intended to be taken;

e.      15 U.S.C. §1692e(10) by use of a false representation or deceptive means to collect a debt;

f.      15 U.S.C. §1692f by use of an unfair or unconscionable means to collect or attempt to collect a debt; and

g.      15 U.S.C. §1692f(1) by collection of an amount not expressly authorized by the agreement creating the debt, or by law.

38.      Plaintiff is entitled to actual damages sustained as a result of Defendant Bemis's conduct, in an amount according to proof; to statutory damages of $1,000 each; to costs of the action; and to reasonable attorney's fees, all pursuant to *15 U.S.C. §1692k.*

## SECOND CLAIM FOR RELIEF
### (Violations of the Rosenthal Act by LOGAB)

39.      Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

40.      Based on information and belief, LOGAB's acts and omissions violated California Civil Code § 1788, *et seq.*

41.      LOGAB violated Cal. Civ. Code §1788.17, which incorporates several of the provisions of the FDCPA, including, but not limited to, the following:

a.      15 U.S.C. §1692d by engaging in behavior the natural consequence of which is to harass, abuse or oppress;

b.      15 U.S.C. §1692e by making a false, deceptive or misleading misrepresentation in the collection of a debt;

c.      15 U.S.C. §1692e(2) by misrepresenting the character, amount or legal status of a debt;

d.    15 U.S.C. §1692e(5) by threatening to take action that cannot legally be taken, or was not intended to be taken;

e.    15 U.S.C. §1692e(10) by use of a false representation or deceptive means to collect a debt;

f.    15 U.S.C. §1692f by use of an unfair or unconscionable means to collect or attempt to collect a debt; and

g.    15 U.S.C. §1692f(1) by collection of an amount not expressly authorized by the agreement creating the debt, or by law.

42.    LOGAB's violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to Civil Code § 1788.30(b).

43.    As a proximate result of the violations of the Rosenthal Act committed by LOGAB, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages in an amount up to $1,000.00 each pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c).

## PRAYER FOR RELIEF

Plaintiff prays that judgment be entered against all named Defendants, and prays for the following relief:

***FDCPA***

1.    An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against all named Defendants and for the Plaintiff;

2.    An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against all named Defendants and for the Plaintiff;

3.    An award of costs of litigation and reasonable attorney's fees against all named Defendants and for the Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(3);

***Rosenthal Act***

4.    An award of actual damages pursuant to California Civil Code § 1788.30(a) against LOGAB and for Plaintiff;

Complaint                                                                    Case Number 5:18-cv-2435

5.     An award of statutory damages of $1,000.00 pursuant to California Civil Code § 1788.30(b) against LOGAB and for Plaintiff;

6.     An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c) against LOGAB; and

7.     Such other and further relief this court may deem just and proper.

**JURY DEMAND**

1.     Plaintiff demands a trial by jury.


Dated: November 19, 2018                    The Grace Law Group, APC
                                             /s/ Scott M. Grace
                                            Attorney for Plaintiff